[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiff commenced this action for personal injuries and other damages and losses he claims to have sustained as a result of an automobile accident on Pearl Lake Road in the City of Waterbury.
He further alleges that some or all of his injuries and losses were caused by the negligence of the City of Waterbury and several of its employees in that they allowed a negligent nuisance to exist by allowing water to flow from privately owned property onto the public highway where it froze into ice which contributed to the cause of the automobile accident involving he plaintiff.
The City and several other defendants have moved this court to enter a summary judgment against the plaintiff for the reasons herein after set forth.
The plaintiff has not filed an objection to the motion for summary judgment or any affidavits in support of any objection.
"Summary judgment shall be rendered forthwith if the pleadings, CT Page 4409 affidavits and any other proof submitted show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book Section 17-49.
"Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. . . . The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist. . . . To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . ., which contradict those stated in the movant's affidavits and documents." (Citations omitted; internal quotation marks omitted.) Reynolds v. Chrysler First Commercial Corp., 40 Conn. App. 725,729, 673 A.2d 573, cert. denied, 237 Conn. 913, 675 A.2d 885 (1996).
"The standards governing . . . a motion for summary judgment are well established. . . . [S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . ., and the party opposing such, a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000)."
I. AS TO DEFENDANTS LEONARD ASSARD AND GAIL SWAINE:
The defendants Leaonard and Gail Swaine have moved the court to enter summary judgment on behalf of each of them for the reason that neither was an employee of the City of Waterbury on the date of the accident, November 16, 1995, and neither owed any personal or individual duty to the plaintiffs relating to the accident. Their motions are supported by affidavits. CT Page 4410
The plaintiffs have not objected to their motions and have not provided the court with any counter-affidavits to refute the allegations of either of said defendants.
The essential elements of a cause of action for negligence are duty, breach, causation and damages. Santopietro v. City of New Haven239 Conn. 207, 225 (1996).
The existence of a duty is a matter of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. Lodge v. Arett Sales Corp., 256 Conn. 563, 574 (1998).
For the foregoing reasons the court grants the motion for summary judgment counts 24-26 and 30-32 as they relate to the defendants Leonard Assard and Gail Swaine.
II. AS TO THE DEFENDANTS CITY OF WATERBURY, J. ROBERT CARROLL, GARY GIORDANO, ERNIE PHILLIPS AND ULDER TILLMAN:
The plaintiffs' claims against the above-named defendants is brought in negligence specifically that the City and its employees failed to prevent water from flowing across privately owned property and onto Pearl Lake Road where it froze to ice creating a hazardous condition which contributed to the automobile accident involving the plaintiff. Counts 16, 17, 19, 20, 22, 23, 25, 26, 28, 29, 31, 32, 34 and 35 of the plaintiffs' complaint allege that the collection of water was a negligent nuisance as well as an absolute nuisance.
Where the plaintiffs injury is unrelated to a right which the plaintiff enjoys by reason of ownership in land, and therefore cannot be maintained as a private nuisance, the plaintiff has the additional burden of proving that the nuisance interferes with a right common to the general public, to establish a public nuisance. Elliot v. City of Waterbury 245 Conn. 385,421 (1998).
In order to overcome the governmental immunity of a municipal defendant, where it applies, with respect to a nuisance claim, plaintiff must prove that defendants, by some positive act, intentionally created the conditions alleged to constitute nuisance." Kenny v. Old Saybrook237 Conn. 135, 165-166 (1996). [T]he failure to remedy a condition not of the municipality's own making, is not considered the equivalent of the required positive act." Papp v. City of Shelton, 1999 (Conn.Super. 1999) CT Page 4411 (Corradino, J.)
The plaintiffs have not alleged that the City owned the property over which the water flowed.
While the elements of a nuisance action are generally a question for the trier of fact, the court may find for the defendant if, even in the light most favorable to the plaintiff, the pleadings and evidence do not establish the essential elements of nuisance. State v. Tibbets-Abbett-McCarthy-Stratton, 204 Conn. 177, 185, (1987).
For the foregoing reasons the court hereby grants the defendants' motion for summary judgment as it relates to counts 16, 19, 22, 25, 28, 31, and 34.
The plaintiffs have also alleged that the defendants maintained an absolute public nuisance.
To meet their burden of proof, the plaintiffs must show that (1) that the condition or conduct complained of interfered with a right common to the general public, and (2) that the alleged nuisance was absolute, that is the defendants' intentional conduct, rather than their negligence caused the condition deemed to be a nuisance. Tippetts-Abbett-McCarthy-Stratt on, supra, at 183. The plaintiff does not allege a positive act on the part of the City intending to bring about the conditions alleged as absolute nuisance.
For the foregoing reasons, the court hereby grants the defendants' motion for summary judgment as to Counts 17, 20, 23, 26, 29, 32 and 35 of the plaintiffs' complaint.
Joseph W. Doherty, Judge.